**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **APPCLOSE, INC.,** *Plaintiff* | § § | |
| **v.** | § § | **No. 1:26-CV-00313-ADA-DH** |
| **OURFAMILYWIZARD, LLC,** *Defendant* | § § § | |

**ORDER**

Before the Court are three motions: (1) Plaintiff AppClose, Inc.'s ("AppClose") Motion to Compel Compliance with Court Order and for Sanctions, Dkt. 60; (2) Defendant OurFamilyWizard, LLC's ("OFW") Motion for Leave to Conduct Limited [Preliminary Injunction-Related] Discovery, Dkt. 64; and (3) OFW's Motion for Leave to Conduct Venue Discovery, Dkt. 65. Additionally, the Court's resolution of the third motion, has implications for another motion pending before the undersigned—OFW's Motion to Transfer Venue, Dkt. 6—which the Court also addresses below. The Court set the motions for hearing, and after considering the parties' filings, the applicable law, and the arguments made at the hearing, the Court announced its rulings, and the reasons for those rulings, on the record. This written order memorializes those oral rulings. For the reasons stated on the record, the Court rules as follows:

<u>AppClose's Motion to Compel Compliance with Court Order and for Sanctions, Dkt. 60</u>: The Court **GRANTS IN PART and DENIES IN PART** AppClose's motion. As to the motion-to-compel component of the motion, the Court **GRANTS** the motion as to Interrogatory No. 3 and **ORDERS** OFW to supplement its response within 30

days of this order, as discussed on the record. Based on the parties' representations at the hearing, the Court understands that OFW's production with respect to the Requests for Production addressed in the Court's order at Dkt. 52, at 1, and then re-served as AppClose's [Revised] First Set of Requests for Production, is either complete or will be complete within 30 days of this order. To the extent OFW is withholding responsive, non-privileged documents as to those RFPs pursuant to objections asserting anything other than privilege, the Court **OVERRULES** those objections and **ORDERS** OFW to produce any responsive, non-privileged documents within 30 days of this order. The Court **DENIES** the motion in all other respects.

<u>OFW's Motion for Leave to Conduct Limited [Preliminary Injunction-Related] Discovery, Dkt. 64</u>: The Court **GRANTS IN PART and DENIES IN PART** OFW's motion. It is the Court's understanding that the parties had agreed to production, or non-production, as to several of the items raised in the motion, and that the only remaining disputed requests were Interrogatory Nos. 2 & 3 and Request for Production No. 1. The Court **GRANTS** the motion as to these requests, limited to a responsive date range of June 1, 2024, through the present and **ORDERS** AppClose to produce any responsive, non-privileged materials within 30 days of the date of this order. The Court **DENIES** as moot the remainder of the motion.

<u>OFW's Motion for Leave to Conduct Venue Discovery, Dkt. 65</u>: The Court **GRANTS IN PART and DENIES IN PART** OFW's motion. It is the Court's understanding that the parties had agreed to production, or non-production, as to several of the items raised in the motion, and that the only remaining disputed

requests were Request for Production Nos. 2, 3, 4, 6, and 10. The Court **GRANTS** the motion as to these requests, limited to a responsive date range of June 1, 2024, through the present and **ORDERS** AppClose to produce any responsive, non-privileged materials within 30 days of the date of this order. The Court **DENIES** as moot the remainder of the motion.

<u>OFW's Motion to Transfer Venue, Dkt. 6</u>: The Court **DENIES** OFW's motion **WITHOUT PREJUDICE** to the motion's being reasserted, if OFW so chooses, after having received the venue-related discovery that was the subject of the motion at Dkt. 65.

<u>A final note regarding the parties' yet-to-be-agreed-upon ESI protocol</u>: The parties in their pre-hearing Joint Advisory alluded to the fact that there may be disagreements percolating regarding the production of electronic documents. *See* Dkt. 94, at 2-3. The Court addressed this issue with the parties at the hearing, and the undersigned is confident that the parties will agree upon a workable solution. One specific issue raised in the Joint Advisory concerned the discoverability of documents "attached" to emails via embedded links. The Court provided the parties with guidance on this matter, namely, that the Court considers such "attachments" as discoverable to the same extent that traditional email attachments are discoverable—if the linked document is responsive, accessible, and functionally part of the email's communication, then it has to be produced (provided it is not privileged). *See, e.g.*, *Equal Emp. Opportunity Comm'n v. Champion Media, LLC*, No. 7:24-CV-00707-FL, 2025 WL 85436, at *6 (E.D.N.C. Jan. 13, 2025) ("The producing party shall use *best*

*efforts* to produce 'Modern attachments' contained within emails or other Unstructured Data in a reasonably usable form that will identify the connection between the 'parent' message (the originating message containing the modern attachment) and the modern attachment. The producing party shall meet and confer with the requesting party to discuss proposed formats of production for modern attachments." (emphasis added)).

To the extent that, after conferral, the parties cannot agree to any matter related to the electronic production ordered here, the Court **ORDERS** the parties to promptly raise the dispute with the Court in the form of a joint email submission, limited to 500 words per side, emailed to the Court's Courtroom Deputy at Victoria_Rivera@txwd.uscourts.gov. The parties should additionally send to Ms. Rivera, in Word, a joint proposed order.

SIGNED July 30, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE